Jasen, J. (dissenting).
Respondent Vogt, a Republican, was designated by the Conservative Party of Ulster County as a candidate for the Conservative nomination for the office of District Attorney of the County of Ulster. Petitioner Nirenberg, the Democratic Party candidate for said office of District Attorney, instituted this proceeding to invalidate the designation of respondent Vogt on the ground that he was not designated in conformity with subdivision 4 of section 137 of the Election Law.
The pertinent part of subdivision 4 of section 137 provides that the designation of nonenrolled party candidates must be authorized “ at a meeting of the members of the party committee representing the political subdivision of the office for which a designation or nomination is to be made * * * by a majority vote of those present at such meeting provided a quorum is present ’ ’.
The rules of the Ulster County Conservative Party provide that a quorum shall consist of one sixth (1/6) of the membership of the whole committee. The rules further provide that the membership of the County Committee shall consist of two members from each of the 131 election districts in Ulster County with additional members to be elected from districts in which the Conservative candidate for Governor received more than a specified number of votes in the last gubernatorial elec *773 tion. Thus, the party rules clearly mandate a minimum membership of two committeemen in each of the 131 districts in the county, or a total of 262 committeemen, and a quorum of 44 committeemen. These rules closely follow section 12 (subd. 1) of the Election Law which expressly provides that “ [t]he county committee of each party shall he constituted by the election in each election district * * * of at least two members and of such additional -members, not in excess of two, as the rules of the county committee of the party * * * may provide ” (emphasis supplied).
However, on the record before the court, I am unable to ascertain the authorized membership of the whole county committee as there is no indication of the number of election districts, if any, in which the Conservative candidate for Governor received more than 50 or 75 votes in the last gubernatorial election. Therefore, a remand is required to determine precisely the necessary quorum at the April 17th meeting designating respondent Vogt. Also, there are discrepancies in the record as to the eligibility and number of committeemen voting, either in person or by proxy, at the April 17th meeting. A determination of this issue is required in order to ascertain whether the necessary quorum was present.
I agree with the Appellate Division that where the rules of the committee, as here, permit members to vote by proxy without restriction, they may do so, and votes so cast, whether to determine a quorum, motion or designation, are valid.
Accordingly, I would reverse the order appealed from and remit the matter to the Supreme Court for further proceedings.
Order affirmed.